UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARY A. SANCHEZ, <br><br> Plaintiff, <br><br> v. <br><br> D&A SERVICES, LLC, <br><br> Defendant. | CIVIL ACTION <br><br> COMPLAINT 1:21-cv-02830 <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

**NOW COMES** Mary A. Sanchez ("Plaintiff"), by and through her undersigned attorneys, complaining as to the conduct of D&A Services, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Northern District of Illinois, Defendant is headquartered and conducts business in the Northern District of Illinois and a substantial portion the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

## PARTIES

4. Plaintiff is a natural person over 18-years-of-age who, at all times relevant is a "consumer" as defined by 15 U.S.C. §1692a(3).

5. Defendant is a third-party collection agency with its principal location of business at 1400 East Touhy Avenue, Suite G2, Des Plaines, Illinois 60018

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, vendors, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. On May 11, 2021, Defendant mailed or caused to be mailed a collection letter to Plaintiff ("collection letter"). *See* Exhibit A, a true and correct copy of the collection letter Defendant sent to Plaintiff dated May 11, 2021.

8. The collection letter was attempting to collect upon a defaulted balance of $327.27 originally owed to Comenity Bank ("subject debt").

9. The collection letter misleadingly states that Plaintiff has the "the opportunity to resolve your account for $147.27, which is a savings to you of $180.00."

10. Nowhere in the collection letter does it state that Defendant is not obligated to renew the offer.

11. Defendant deliberately designed the collection letter to create a false sense of urgency and pressure Plaintiff into making a prompt payment on the subject debt to avoid missing out on the discounted payment offer.

12. Plaintiff was confused because the collection letter failed to state whether the offer would be renewed, instead just stating, "In order to accept this offer, you must contact us within 30 days

of the date reflected on this letter. This opportunity allows you to resolve the balance owed on your Crown Asset Management, LLC account and avoid additional collection activities."

13. Furthermore, the collection letter failed to include any disclaimers regarding any interest or fees that may ensue if the balance was not paid in a specific amount of time.

14. As such, the above-referenced representations are deceptive, misleading, and constitute unfair collection practices in violation of the FDCPA.

### DAMAGES

15. Defendant's wanton and malicious conduct has severely affected Plaintiff's life and well-being.

16. Plaintiff has expended time consulting with her attorneys as a result of Defendant's unfair, deceptive, and misleading actions.

17. Plaintiff was unduly inconvenienced and harassed by Defendant's unlawful attempts to collect the subject debt.

18. As a result of the enactment of the FDCPA, consumers like Plaintiff have a legally enforceable right to receive all communications from a debt collector free from any false, misleading or unfair statements.

19. The FDCPA creates substantive rights for consumers, and for this reason, Plaintiff has standing to assert the below claims and obtain statutory damages.

20. The receipt of a communication misrepresenting the character of the debt (here, time-limited nature of the proposed discounted payment off) is the kind of injury that Congress sought to prevent when it enacted the FDCPA.

21. The above described misrepresentation caused Plaintiff to make incorrect decisions about her finances.

22. Plaintiff was concerned and confused when she received the May 11, 2021 collection letter because she was unable to pay the promoted discounted payment option.

23. As discussed above, the collection letter confused Plaintiff as to whether Defendant intended to renew the settlement offer or have it constitute a one-time offer.

24. Further, when Plaintiff attempted to secure funds in an unsuccessful attempt to take advantage of Defendant's discounted offer, this caused Plaintiff's other debts to remain in default status, leading to further derogatory credits reports which caused Plaintiff's credit score to decline and allow interest to accrue on other debts

25. For these reasons, Plaintiff suffered real and concrete harm because Defendant communicated with her in a manner prohibited by the FDCPA.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

26. Plaintiff restates and realleges paragraphs 1 through 25 as though fully set forth herein.

27. Defendant used the mail to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

28. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

29. The alleged subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

30. Defendant is a "debt collector" as defined by §1692a(6) because their primary business is the collection of delinquent debts and they regularly collect debts and use the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

31. Moreover, Defendant is a "debt collector" because they acquired rights to the subject debt after it was in default 15 U.S.C. §1692a(6).

32. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

### a. Violations of FDCPA § 1692e

33. The collection letter violated 15 U.S.C. §§1692e and e(10) by falsely implying that the discounted payment offer was open for a limited amount of time when in reality it was open perpetually and was in no way unique to Plaintiff.

34. As the Seventh Circuit Court of Appeals in *Evory v. RJM Acquisitions Funding, L.L.C.*, 505 F.3d 769, 775 (7th Cir. 2007) eloquently explained:

> "There is nothing improper about making a settlement offer. The concern is that unsophisticated consumers may think that if they don't pay by the deadline, they will have no further chance to settle their debt for less than the full amount; for the offers are in the idiom of limited-time or one-time sales offers, clearance sales, going-out-of-business sales, and other temporary discounts. In fact debt collectors, who naturally are averse to instituting actual collection proceedings for the often very modest sums involved in the consumer debt collection business, frequently renew their offers if the consumer fails to accept the initial offer." *Id.*

35. Notably, the Collection Letter did not contain judicially created safe harbor language pertaining to settlement offers by debt collectors such as "[w]e are not obligated to renew any offers provided," which was designed to balance the interests of consumers and debt collectors. *Id*. at 776.

36. Additionally, Defendant violated §§1692e and e(10) when they used false, deceptive, and misleading means in connection to the alleged subject debt when it failed to provide any information regarding potential fees and/or interests that may or may not be applied to the amount if Plaintiff failed to pay the outstanding amount in a specific timeframe.

### b. Violations of FDCPA § 1692f

37. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

38. Defendant violated 15 U.S.C. §1692f when it unfairly sought to take advantage of Plaintiff by causing confusion, in effort to seek immediate payment of the subject debt.

39. As an experienced debt collector, Defendant knew or should have known the ramifications for its unfair and deceptive conduct.

40. As pled above, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

**WHEREFORE**, Plaintiff MARY A. SANCHEZ respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
d. Award any other relief as the Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Dated: May 26, 2021                               Respectfully Submitted,

/s/ Omar T. Sulaiman
/s/ Marwan R. Daher
Omar T. Sulaiman, Esq.
Marwan R. Daher, Esq.
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
ataylor@sulaimanlaw.com
osulaiman@sulaimanlaw.com
mdaher@sulaimanlaw.com
*Counsel for Plaintiff*